■ SOPHIE RUBENSTEIN et al., Respondents, v. GEORGE P. O'BRIEN et al., Appellants. YETTA BLATMAN et al., Respondents, v. SAMUEL SCHWARTZ et al., Appellants. MARYLYN J. SANGEMINO et al., Respondents, v. GEORGE P. O'BRIEN et al., Appellants. SAMUEL L. SCHWARTZ, Plaintiff, v. GEORGE P. O'BRIEN, Defendant.— In a consolidated action to recover damages for injuries to person and property and for medical expenses and loss of services, the appeals are from a judgment entered on the verdict of a jury insofar as said judgment is in favor of respondents in varying amounts. Judgment, insofar as it is in favor of respondents Sophie Rubenstein, Jack Rubenstein, Yetta Blatman, Mary Sangemino and Nathan Zipper as administrator of the estate of Sarah Zipper, deceased, unanimously affirmed, with costs. No opinion. Judgment, insofar as it is in favor of respondent Yetta Blatman as executrix of the estate of Ben Blatman, deceased, reversed and new trial granted, with costs to abide the event, unless within 10 days from the entry of the order hereon said respondent stipulate to reduce the amount of the verdict in her favor from $3,500 to $1,000; in which event the judgment, as so reduced, as to said respondent, is unanimously affirmed, without costs. In our opinion the verdict in favor of respondent Yetta Blatman, as executrix of the estate of Ben Blatman, deceased, is excessive. The finding implicit in the verdict of the jury that the onset of the coronary condition of Ben Blatman in December, 1952 was due to the accident which occurred in August, 1952 is against the weight of the evidence. Judgment, insofar as it is in favor of respondent Marylyn J. Sangemino, reversed and new trial granted, with costs to abide the event, unless within 10 days from the entry of the order hereon said respondent stipulate to reduce the amount of the verdict in her favor from $9,000 to $5,000; in which event the judgment, as so reduced, as to said respondent, is unanimously affirmed, without costs. In our opinion the verdict in favor of respondent Marylyn J. Sangemino is excessive. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ.

■ TOMASO, FEITNER AND LANE, INC., Respondent, v. ARTHUR BROWN, Appellant.— Action to recover an unpaid balance for services requested by and rendered to Thomas G. Campbell Co., Inc., upon an alleged agreement by defendant with Campbell to guarantee payment of all amounts due plaintiff from Campbell for such services. Defendant pleaded the Statute of Frauds as a complete defense. The appeal is from a judgment entered in favor of plaintiff after a trial by the court without a jury. Judgment reversed on the law, with costs, and complaint dismissed. The findings of fact below are affirmed. The proof shows that plaintiff was retained by Campbell and rendered services as an advertising agent to that corporation, to which it rendered bills and from which it received payment of the greater part of the admitted indebtedness, and that defendant, a stockholder of Campbell, had advanced substantial funds to it as working capital, but refused to continue to do so. The defendant is not the primary debtor. He is answerable only as a promisor to pay the debt of another. In our opinion the Statute of Frauds (Personal Property Law, § 31, subd. 2) is a complete defense to the action. The alleged agreement by defendant with Campbell did not concern this specific indebtedness nor was it intended thereby that defendant was to replace Campbell as primary debtor (*Bulkley* v. *Shaw*, 289 N. Y. 133). Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.